# New Castle and Franklin Railroad Co. *versus* McChesney.

The Act of February 19th 1849, provides " that whenever any railroad company shall locate its road in and upon any street or alley in any city or borough, ample compensation shall be paid to the owners of lots fronting upon such street or alley for any damages they may sustain by reason of any excavation or embankment made in the construction of the road." The N. C. & F. Railroad Co., in building their road, carried it across Mill street, in the city of New Castle, the effect of which construction was to impede by an embankment made the flow of a natural watercourse, which was thereby dammed up and flooded plaintiff's lot and cellar. In a proceeding under the above act to recover damages, *held*, that so far as the property of the plaintiffs was damaged by the railroad embankment within the lines of the street they had the right to compensation, but with the consequences produced by the work outside of these lines the court and jury in this proceeding had nothing to do. *Held, further*, that the defendant had the right to ask the exclusion of the effects of the operation of the road in depreciating the value of the plaintiff's property from the deliberation of the jury.

November 21st 1877.  Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Lawrence county :* Of October and November Term 1877, No. 236.

In the court below this was an appeal from the report of viewers appointed to assess the damages done to the property of Martha A. and Margaret M. McChesney, in the location of the New Castle and Franklin Railroad Co., on Mill street in the city of New Castle.

[New Castle & Franklin Railroad Co. *v.* McChesney.]

The proceeding was under the third proviso of the 10th sect. of the Act of February 19th 1849, Pamph. L. 83, Purd. Dig. 1218, pl. 34, which is recited in the opinion of this court. The rest of the material facts will be found in the opinion.

At the trial before McJunkin, P. J., plaintiffs proposed to show that in the construction of the railroad the road was located and built so as to obstruct the water in its natural course and cause the same to flow back into their cellar, thereby causing damage to the property.

The defendant objected to evidence of the location and construction of the railroad at any other place than in the street and alley immediately fronting upon plaintiffs' lot; also to all evidence of injury, inconvenience and damage resulting to plaintiffs from the effects of the operation of the railroad at any other place or places; and also to all evidence of injury or damage to plaintiffs' lot from the railroad, even in the street and alley fronting on plaintiffs' lot, except that arising directly from excavation and embankment.

The objection was overruled and the evidence admitted.

The following, among other points, were submitted by defendant, to which are subjoined the answers of the court:—

1. The defendant's railroad being located and constructed, not upon the plaintiffs' lot, but across or upon a street and alley fronting upon said lot, in an incorporated city, the plaintiffs can recover for nothing but damages accruing by reason of excavation and embankment upon said street and alley immediately fronting upon said lot.

Ans. "The instruction requested in this point is refused, and we say that the plaintiffs in this case are not confined to damages resulting to their property from excavation or embankment upon the street and alley immediately fronting upon their lot; but excavations and embankments are elements with all other facts, when proved as resulting from the construction and operation of defendant's road as injuriously affecting the market value of the property of plaintiffs, and to be considered by the jury."

2. Even if plaintiffs hold title to the land to the middle thread of said street and alley, to that point of it within the limits of said street and alley, they hold subject to an easement in favor of the public; and the legislature had the power to grant, and did grant to the defendant, the right to construct and use its railroad thereon, subject only to the payment of damages sustained by excavation and embankment therein, fronting on said lot.

Ans. "The instruction requested in this point is refused, with the explanation and qualification given in answer to first point."

5. For injury or damages to plaintiffs' lot by difficulty in draining it, in consequence of the construction of defendant's road outside of the street and alley fronting on said lot, the defendant is not liable.

[New Castle & Franklin Railroad Co. *v.* McChesney.]

Ans. " Refused."

6. For any depreciation in the value of plaintiffs' lot by reason of danger to persons or property from passing trains, danger from fire from locomotives, increase of rates of insurance, the noise, smoke, soot, jarring and other inconveniences from passing trains, the plaintiffs are not entitled to recover in this proceeding.

Ans. " Refused."

The court, inter alia, charged :—

" The jury is instructed to take into careful consideration all the evidence in the case bearing upon the question of advantages and benefits, as well as disadvantages and injuries, done to plaintiffs' property by defendant's road, and apply it all to ascertaining and fixing the open market value of the plaintiffs' property, house and lot, before the defendant built and operated the road complained of, as it was then unaffected in any way by the road; and the market value of the property after the defendant built and operated its road, and as affected by such building and operation.  *  *  * But if the market value of the plaintiffs' property is depreciated and reduced as a consequence of, and so affected by the construction and operation of defendant's railroad, where and as it is constructed and operated, then the difference in market value, as you may conclude it to be by a careful review and consideration of all the evidence in the case bearing on the point, would be the damages which the plaintiffs have sustained, and the measure of the compensation therefor which they would be entitled to recover."

The verdict was for the plaintiffs for $459.37 and after judgment defendant took this writ, assigning for error, inter alia, the admission of the evidence above referred to, the answers to defendant's points, and the portion of the charge noted.

*D. B. & E. T. Kurtz*, for plaintiff in error.—The court below received all evidence tending to show injury or damage to, and depreciation in the value of, plaintiffs' lot, resulting in any manner from the construction and use of the railroad, and charged the jury on the law the same as though this was a case where the railroad was built upon the plaintiffs' lot, wholly ignoring the distinction between the cases made by the Act of 1849 as to the damages for which the company are liable.  In this we think the court erred: Phila. & Trenton Railroad Co., 6 Whart. 25; Faust *et al. v.* Passenger Railroad Co., 3 Phila. R. 164.

It is well settled that neither the state, or a corporation acting by virtue of a constitutional law, is answerable for consequential damages occasioned by the construction of a highway, further than is specially provided by the law itself: Monongahela Nav. Co. *v.* Coons, 6 W. & S. 101; Henry *v.* Pittsburgh and Allegheny Bridge Co., 8 Id. 85; Mifflin *v.* Railroad Co., 4 Harris 182; Cleveland & Pittsburgh Railroad Co. *v.* Speer, 6 P. F. Smith 325; O'Con-

nor *v.* Pittsburgh, 6 Harris 187. To entitle the owner of the soil to damages for a change by public authority of a highway across his land, from one kind of passage to another, he must ground his claim on an Act of Assembly : Snyder *v.* Pennsylvania Railroad Co., 5 P. F. Smith 340.

The evidence should have been confined to the damages alone, resulting from excavation or embankment in the street or alley immediately fronting plaintiff's lot. This principle is clearly recognised by this court in the case of Pittsburgh, Virginia & Charleston Railroad Co. *v.* Rose, 24 P. F. Smith 362.

*J. McMichael* and *R. B. McComb,* for defendants in error.— The plaintiffs below based their claim for damages on the embankments made by the defendant company in the street and alley, the principal item of damage being the obstruction of the natural watercourse, and the flooding of the cellar with water. As the embankment in the alley was but a part of a continuous line, every part of which served as a dam, and without any part of which the water might have escaped to its natural channel, the whole of this embankment was necessarily brought into the case, and the court was not in error in permitting us to show, not only the obstruction of the watercourse in the alley, but also that defendant's road left no reasonable means by which plaintiffs could rid themselves of the water. The difficulty in avoiding the nuisance is certainly a legitimate subject to be considered in estimating the damages.

It will be observed that plaintiffs claimed no damages, made no prayer and put no point asking that the jury be instructed to allow damages for any possible contingencies. They were in no way in the case except as they were attempted to be drawn into it by defendant's counsel.

The court submitted to the jury but one question, viz. : whether the market value of the plaintiff's property was depreciated or reduced by the construction and operation of defendant's railroad, and if so, then the difference between its market value as unaffected by the railroad, and its market value as affected by the road, was the true measure of the damages which the plaintiffs were entitled to recover : Schuylkill Navigation Co. *v.* Thoburn, 7 S. & R. 411; Penna. & N. Y. Railroad Co. *v.* Bunnell, 31 P. F. Smith 414; Pittsburgh, Virginia and Charleston Railroad Co. *v.* Rose, 24 Id. 362.

Mr. Justice WOODWARD delivered the opinion of the court, January 7th 1878.

In building their road, the New Castle and Franklin Railroad Company, the defendants below, carried it across Mill street in the city of New Castle. The track, extending from a south-westwardly

direction, struck the western boundary of the street near the corner of a lot belonging to the plaintiffs, and crossed it diagonally and in a curved line in front of the house standing on the lot. The effect of the construction of the railroad was to impede the channel of a watercourse that ran past the property of the plaintiffs. The lot was near a piece of swampy ground which was drained off in a north-eastwardly direction, and the railroad embankment obstructed the flow of the water, and flooded it back into the cellar of the house. How much of the mischief complained of resulted from the work done on the street did not precisely appear. The plaintiffs were permitted, under exception, to give evidence of the consequences produced by the embankment on the land adjacent to the street on the south-westwardly side of it, as well as on the line of the street itself. And all the facts tending to show the connection between the entire embankment and the obstruction of the watercourse, were submitted as elements to be considered by the jury in the ascertainment of the damages. In their first, second and fifth points, the defendants asked the court, in substance, to charge that the plaintiffs could not recover for injuries caused by the construction of that part of the railroad which was outside of the street line. The instruction asked for was refused, and the admission of the evidence and the answers to the points have been made the subjects of the first, third, fourth and fifth assignments of error.

It may be assumed, under the verdict which the jury rendered, that to some extent, at least, the plaintiffs were injured by the obstruction of the watercourse, although, as the cause was tried, the recovery may have been rested on other grounds. But it may also be assumed that some portion of the amount of damages awarded was compensation for consequences resulting from the embankment built across the swamp before the line of the street was reached. While for such consequences the plaintiffs could perhaps resort to an action at common law, they were not entitled to redress in the form they adopted. This is a statutory proceeding under the third proviso of the 10th sect. of the Act of the 19th of February 1849, which declares that "whenever any company shall locate its road in and upon any road or alley in any city or borough, ample compensation shall be made to the owners of lots fronting upon such street or alley for any damages they may sustain by reason of any excavation or embankment made in the construction of such road." However injurious the effect of the company's structures might be, if neither the street nor the property of the plaintiffs had been touched, the statute could give the plaintiffs no relief. It was for mischiefs arising from an excavation or embankment within the boundaries of a public highway, by which the value of private property would be impaired, that the legislature intended to provide. The Act of 1849 cannot be carried by intendment beyond the purpose it expressed. No remedies in statutory form can be asserted,

[New Castle & Franklin Railroad Co. *v.* McChesney.]

and no remedies at common law can be defeated, by implication from its terms. So far as the property of the plaintiffs was damaged by the railroad embankment within the lines of the street, they had the right to compensation. With the consequences produced by work outside those lines, the court and jury in this proceeding had nothing to do.

In their sixth point the defendant asked instructions that " for any depreciation in the value of plaintiffs' lot by reason of danger to persons or property from passing trains, danger of fire from locomotives, increase of rates of insurance, the noise, smoke, soot, jarring, and other inconveniences from passing trains, the plaintiffs are not entitled to recover." The point was refused, and in the general charge the jury were directed carefully to consider the advantages and disadvantages resulting from the construction of the railroad, "and apply it all to ascertaining and fixing the open market value of the plaintiffs' property, house and lot before the defendant built *and operated* the road complained of, as it was then unaffected in any way by the road, and the market value of the property after the defendant built *and operated* its road, and as affected by such building *and operation.*" The measure of compensation was stated to be the amount of depreciation caused by " the construction *and operation* of defendant's railroad, where and as it is constructed *and operated.*" The same language was used in several other instances in the course of the charge, and was repeated in the answer to the first point of the defendants. A glance at the testimony is sufficient to show the mischief this submission of the effect of the " operation" of the road was capable of working. One witness, Henry Wagner, said : " In estimating damages, I consider the cars might run off the track and through the house; the noise and smoke, and increased price of insurance make part of the damage; also that the cellar is damp, and water can't get off. Can't tell whether the road would do any damage independent of the running of trains." Margaret McChesney attributed the depreciation in the value of the property to " danger of fire, the smoke, noise, jarring of the house, and the water in the cellar." A. S. Wagner stated his opinion in substantially similar terms. Joseph Kissick testified : " I don't take the water into consideration ; all the cellars along there will have water in them. I take into consideration the noise and smoke of cars, and the running of trains." The testimony seems to have been received without objection, and may have been elicited on cross-examination ; but the defendant had the right to ask the exclusion of the effects of the operation of the railroad from the deliberations of the jury nevertheless. The subject-matter of legitimate inquiry was the extent of the damage caused to the plaintiffs by the embankment made by the defendant in Mill street. The liability of a railroad company was expressly limited to cases in which an " excavation"

[New Castle & Franklin Railroad Co. *v.* McChesney.]

or an " embankment" should . be made in the course of " the construction of their road." If the track had conformed to the grade line of the street, the plaintiffs would have had no remedy at all, for the statute would have had no application. It is well settled, even under more comprehensive legislation than this, that contingent disadvantages cannot be taken into account as a substantive claim for damages : Searle *v.* The Lackawanna and Bloomsburg Railroad Company, 9 Casey 57. In the tenth section. of the Act of 1849, as was said by Mr. Justice Lowrie, in The Lehigh Valley Railroad Co. *v.* Lazarus, 4 Casey 203, in speaking of that company's charter, the legislature intended to provide for all real damages and nothing more. In consequence of the hurry of the trial in the Common Pleas, perhaps, or possibly from inadequate presentation, the principles applicable to the questions which this cause presented were misconceived, and it must go back to be tried again.        Judgment reversed, and *venire de novo* awarded.

Mercur, J., dissents.